UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAREN HASMUKHBHAI PATEL,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN,<br><br>  Respondent. | No. 2:16-cv-2294-EFB P<br><br>ORDER |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The court has reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Proceedings, and finds that the petition is second or successive and must therefore be dismissed.

A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147 (2007); *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition. *See Burton*, 549 U.S. 147.

In the present action, petitioner challenges his 2008 conviction for domestic violence entered in the Shasta County Superior Court in case number 08F2568. ECF No. 1 at 1, 6.[2] The court has examined its records, and finds that petitioner challenged the same judgment of conviction in an earlier action. Specifically, in *Patel v. Swarthout*, No. 2:09-cv-2923-MCE-CMK (E.D. Cal.), the court considered petitioner's challenge to the same judgment of conviction. *See Patel*, ECF No. 31 (magistrate judge's December 1, 2010 findings and recommendations to deny petitioner's application for a writ of habeas corpus on the merits); ECF No. 33 (district judge's February 1, 2011 order adopting findings and recommendations and denying petitioner's application for a writ of habeas corpus). Petitioner challenges the same judgment now that he previously challenged in his earlier petition which has been adjudicated on the merits. Accordingly, his current petition is second or successive.

Petitioner offers no evidence that the appellate court has authorized this court to consider a second or successive petition. Since petitioner has not demonstrated that the appellate court has authorized this court to consider a second or successive petition, this action must be dismissed for lack of jurisdiction. *See Burton*, 549 U.S. 147; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).[3]

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for lack of jurisdiction;
2. The Clerk is directed to close the case; and

/////

---

[2] For ease of reference, all references to page numbers in the petition are to those assigned via the court's electronic filing system.

[3] The court appears to also lack subject matter jurisdiction because petitioner was not in custody pursuant to the 2008 judgment of conviction when he filed his petition. *See* ECF No. 1 at 7 (stating that "petitioner has completed 100% of his sentence"); *see also Woodall v. Beauchamp*, 450 F. App'x 655, 657 (9th Cir. 2011) (habeas petitioner must be in custody as a result of the challenged conviction, not on unrelated charges).

3. The court declines to issue a certificate of appealability.

DATED: April 19, 2017.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE